IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GLADYS WICKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 4:26-CV-1044 |
| v. | § | |
| | § | JUDGE MICHAEL TRUNCALE |
| FEDERAL EXPRESS CORPORATION | § | |
| | § | |
| *Defendant*. | § | |

**JOINT REPORT OF ATTORNEY CONFERENCE**

1. Appearance of Counsel

The Rule 26(f) meeting was held by video conference on October 2, 2026. Emma Hoffman attended for Plaintiff Gladys Wicker. Michelle Kimbril-Parks attended for Defendant Federal Express Corporation.

2. Factual and Legal Synopsis of the Case.

*Plaintiff's Position:* Plaintiff Gladys Wicker, who is Black, asserts claims against her former employer, Federal Express Corporation ("FedEx"), for race discrimination and retaliation under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. Ms. Wicker alleges that FedEx began treating her less favorably than similarly situated non-Black managers after she was promoted and transferred to the Plano office. Ms. Wicker complained in writing to Human Resources on September 11, 2025, and through FedEx's Alert Line on October 13, 2025. FedEx suspended her in front of her team on January 21, 2026, and terminated her on or about February 12, 2026, without stating a reason. One week

later, FedEx demanded that she repay $35,524.32 in relocation benefits for a service period its own termination prevented her from completing. Ms. Wicker seeks a declaration that this demand is unenforceable. Ms. Wicker filed an EEOC charge on July 16, 2026, and will amend to perfect her Title VII claims when the Notice of Right to Sue issues. She seeks back pay, front pay, reinstatement, compensatory and punitive damages, declaratory and injunctive relief, and attorneys' fees and costs.

*Defendant's Position:* Defendant Federal Express Corporation ("FedEx") denies any and all liability, maintaining that Plaintiff Gladys Wicker's claims of race-based discrimination and retaliation are entirely without merit. FedEx is committed to a workplace free of discrimination and retaliation; all decisions regarding Plaintiff's employment were made in good faith and based solely on legitimate, non-discriminatory, and non-retaliatory business reasons. FedEx's demand for the repayment of $35,524.32 in relocation benefits is a valid contract enforcement action. The Relocation Repayment Agreement signed by Plaintiff legally obligates her to repay these benefits because her employment terminated prior to completing her agreed service period. Because the termination of her employment was lawful, the repayment obligation remains fully enforceable, and Plaintiff is not entitled to declaratory relief. Finally, Plaintiff is not entitled to reinstatement, back pay, front pay, compensatory damages, punitive damages, or attorneys' fees, as FedEx did not violate her rights under 42 U.S.C. § 1981, Title VII, or any other federal or state law.

3. Federal Jurisdiction

This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff asserts claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981,

and Title VII, 42 U.S.C. §§ 2000e to 2000e-17.

4. Rule 26(a)(1) Disclosures

The parties served their Initial Mandatory Disclosures on October 15, 2026.

5. Proposed Scheduling Order deadlines.

*See* Exhibit 1.

6. Mediation

The parties are open to mediating if informal discussions do not resolve the case.

7. Discovery Limits

Except as stated below, the parties agree to the limitations on discovery imposed by the rules. Plaintiff proposes that each side be permitted to take up to fifteen (15) depositions, excluding experts, given the number of fact witnesses identified in Section

8. Defendant proposes that each side be limited to 10 depositions absent a leave of court.

9. Identity of persons expected to be deposed.

The parties have yet to determine the identity of the persons expected to be deposed.

10. Disclosure of Electronically Stored Information ("ESI") shall be handled as follows:

Upon receipt of discovery requests, the responding party will notify the requesting party within thirty (30) days as to any issues relating to the disclosure or discovery of ESI and the parties will work in good faith to resolve the issues. The parties propose that documents and ESI be produced unitized, with document boundaries and family relationships preserved, and in native format with metadata intact.

11. Attorney Client Privilege and Work Product

The parties further agree that if the issue of producing privileged materials prevents a party from receiving the requested ESI, the parties will work together in good faith to

develop a plan addressing the producing party's privilege concerns and the disclosure of relevant and responsive information.

Plaintiff proposes that the production of privileged material be governed by the clawback provision of Plaintiff's proposed Modified Protective Order, entered under Federal Rule of Evidence 502(d), which applies whether or not the production was inadvertent.

Defendant proposes that a party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or destroy the specified document or ESI and any copies thereof (except a single copy for the sole purpose of challenging the producing party's claim of privilege) and may not use information contained therein until the assertion of privilege has been resolved. Inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege.

12. Protective Order

The parties disagree on the form of protective order. Plaintiff will move for entry of a modified protective order under Federal Rule of Civil Procedure 26(c).

Plaintiff proposes a modified version of the court's standard protective order. *See* Exhibit 2. Plaintiff's modified order would permit disclosure to independent experts

and consultants; jury and trial consultants and mock jurors; witnesses whom counsel in good faith believes require access; court reporters and videographers; litigation-support vendors; and mediators. It would also include a clawback provision under Federal Rule of Evidence 502(d) and require the return or certified destruction of Protected Documents at the end of the case.

Defendant proposes the court's standard protective order. *See* Exhibit 3.

13. Trial

The parties anticipate trial will take 4-5 days. The trial will be to a jury.

14. Attorneys to Appear at the Management Conference

Plaintiff is unable to attend the conference as currently scheduled, and submitted an unopposed motion to reset for good cause on October 16, 2026. (ECF No. 13.)

15. Magistrate Judge

Defendant does not consent to trial before a magistrate judge.

16. Other Orders Under Rules 26(c) and 16(b)

Plaintiff requests entry of her proposed Modified Protective Order (*see* Section 11). Defendant request entry of the Court's standard protective order. The parties also propose that the Scheduling Order provide that (a) motions to compel may be filed up to thirty (30) days after the discovery deadline; (b) responses to dispositive motions are due thirty (30) days after service of the motion, and replies fourteen (14) days after service of the response; and (c) a party must give all other parties fourteen (14) days' notice before serving any subpoena.

17. Other Matters

The parties propose that (a) the parties serve discovery and other papers not filed

through the Court's electronic filing system by email under Federal Rule of Civil Procedure 5(b)(2)(E); (b) initial disclosures include the address and telephone number of each person identified, as the Court's Order requires; and (c) any claim for attorneys' fees be submitted to the Court on affidavits or declarations after the other issues are resolved, with any fee expert reports exchanged only after trial.

Respectfully Submitted,

Dated: October 19, 2026

/s *Michelle Kimbril-Parks*
Michelle Kimbril-Parks (TN 020829)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Bldg. B, 3rd Floor
Memphis, TN 38125
(901) 434-8381
(901) 492-9930 fax
Michelle.kimbril-parks@fedex.com

*Attorney for Defendant*
Federal Express Corporation

/s/ *Elizabeth J. Sanford*
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Emma Hoffman
Texas Bar No. 24149862
ehoffman@sanfordfirm.com
THE SANFORD FIRM
2711 Hibernia St.
Dallas, Texas 75204
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
*Attorneys for Plaintiff*