IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GLADYS WICKER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 4:26-CV-1044 |
| v. | § | |
| | § | JUDGE MICHAEL TRUNCALE |
| FEDERAL EXPRESS CORPORATION | § | |
| | § | |
| *Defendant*. | § | |

**[MODIFIED] PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this court and the Federal Rules of Civil Procedure. Unless further modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. No privilege or protection under state or federal statutory or common law is waived by any disclosure of information connected with the litigation pending before this court, made in accordance with the terms of this Order, and any such disclosure shall not be deemed to be a waiver of any privilege or protection in any other federal or state proceeding. This Order is entered pursuant to Federal Rule of Evidence 502(d).

In support of this Order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the

Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are, at present, without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected

Documents shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) Outside counsel of record in this action for the party receiving Protected Documents or any information contained therein;

(b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c) Independent experts and consultants, whether testifying or non-testifying, retained by counsel of record to assist in this action, and their staff;

(d) Jury or trial consultants retained by counsel of record in connection with this action,

and their staff, and mock jurors or focus-group participants engaged by such consultants. Mock jurors and focus-group participants shall not retain any Protected Documents, copies, or notes reflecting their contents;

(e) Witnesses and potential witnesses in this action, and their counsel, to the extent counsel of record reasonably and in good faith believes disclosure is necessary to prepare for or conduct the witness's interview, deposition, or testimony; such person shall not retain any Protected Documents or copies thereof;

(f) Court reporters, videographers, and their staff engaged in connection with depositions or other proceedings in this action;

(g) Outside copying, imaging, electronic-discovery, and litigation-support vendors retained by counsel of record to assist in this action;

(h) Any mediator or settlement officer, and supporting personnel, mutually agreed upon by the parties or appointed by the court; and

(i) The court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such

document or thing.

8. To the extent that Protected Materials or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Materials or information contained therein. If such material is used at trial or in hearings, the parties may seek separate order to seal the documents.

9. Any deposition reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. Non-Waiver of Privilege; Clawback Under Federal Rule of Evidence 502(d). Pursuant to Federal Rule of Evidence 502(d), the following provisions govern the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection ("Privileged Material"):

(a) The production or disclosure of Privileged Material in this litigation, whether inadvertent or otherwise, shall not constitute a waiver or forfeiture of any privilege or protection, in this litigation or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Rule 502(d), and the provisions of Rule 502(b) shall not apply. A producing party need not demonstrate that it took reasonable steps to prevent disclosure or to rectify the error.

(b) A producing party may claw back Privileged Material by providing written notice to the receiving party identifying the material by production number and stating the privilege or protection asserted. Within seven (7) days of receiving such notice, the receiving party shall return, sequester, or destroy the identified material and all copies, including copies provided to any Qualified Person, and shall certify in writing that it has done so. Pending resolution of any dispute, the receiving party shall not use or disclose the identified material or its contents for any purpose. *See* Fed. R. Civ. P. 26(b)(5)(B).

(c) A receiving party that discovers it has received material that reasonably appears to be Privileged Material shall promptly notify the producing party and shall refrain from further review of that material pending the producing party's response.

(d) Within fourteen (14) days of providing notice under subparagraph (b), the producing party shall serve a privilege log for the clawed-back material that complies with Federal Rule of Civil Procedure 26(b)(5)(A).

(e) The receiving party may challenge the claim of privilege or protection by motion filed within fourteen (14) days of receiving the privilege log, and may submit the material to the court under seal for in camera review. The producing party bears the burden of establishing the privilege or protection. The receiving party may not assert the fact or circumstances of the production as a ground for waiver.

(f) This paragraph does not apply to material that a producing party affirmatively uses or relies upon in support of a claim or defense, and nothing in this Order limits the application of Federal Rule of Evidence 502(a) to such use. Nothing in this Order limits a party's right to conduct a review of documents for privilege or protection before production.

12. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

14. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party

or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents, or certify their destruction, and shall make reasonable efforts to retrieve or confirm the destruction of all Protected Documents provided to any Qualified Person, including experts, consultants, jury consultants, and witnesses. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

15. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16. Nothing in this Order shall prevent any party from seeking further modification of this Order for good cause, including with respect to shifting the cost burden of production equitably and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.